IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-02495-CNS-SKC

WILLIAM MARTINEZ and MARY MARTINEZ,

    Plaintiffs,

v.

NATIONWIDE AFFINITY INSURANCE CO OF AMERICA, a foreign corporation,

    Defendant.

---

# ORDER

---

Before the Court is Plaintiffs' Motion to Exclude Testimony of David S. Werber Under Federal Rule of Evidence 702 (ECF No. 60). The Court GRANTS IN PART and DENIES IN PART the motion for the following reasons.

## I. FACTS

This case pertains to a bad-faith, first-party insurance civil action arising out of a fire at the Martinezes' residential property in Cortez, Colorado on or about June 3, 2020. The instant motion was filed on August 1, 2022 (ECF No. 60). The Final Pretrial Conference is set for April 21, 2023 (ECF No. 122). Plaintiffs do not challenge Defendant's expert based on his qualifications.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's

1

> scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590–91 (1993). The party submitting the expert's testimony must show by a preponderance of the evidence that the testimony is admissible. *See, e.g.*, *Bethel v. Berkshire Hathaway Homestate Ins. Co.*, No. 17-CV-01456-CMA-KLM, 2022 WL 1037572, at *2 (D. Colo. Apr. 1, 2022).  To determine whether expert testimony is admissible, a court must determine whether:  (1) the expert is qualified; (2) the expert's proffered opinion is reliable; (3) the expert's testimony is relevant; and (4) the proffered testimony will assist the trier of fact.  *See id.* at *2; *103 Invs. I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006); *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122-23 (10th Cir. 2006).

An expert is qualified if they have the "knowledge, skill, experience, training, or education" to render an opinion. *Roe v. FCA US LLC*, 42 F.4th 1175, 1180 (10th Cir. 2020) (citing Fed. R. Evid. 702).  An expert's testimony is reliable if the methodology employed by the expert is based on "sufficient data, sound methods, and the facts of the case." *Id.* (citation omitted).  The expert's testimony must be scientifically sound, but "absolute certainty" is not required. *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (quotation omitted).  Testimony is relevant if it "logically advances a material aspect" of the case and has a "valid scientific connection" to the case's disputed facts. *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 n.2 (10th Cir. 2005) (citation omitted).  The court looks to other non-exclusive factors to determine if the testimony will assist the jury:  (1) whether the testimony is relevant; (2) whether it is within the juror's

common knowledge and experience; and (3) whether it will usurp the juror's role of evaluating a witness's credibility. *Rodriguez-Felix*, 450 F.3d at 1123 (citation omitted). Doubts about the testimony's usefulness should be resolved in favor of admissibility unless such factors (e.g., time or surprise) weigh in favor of exclusion. *See Robinson v. Missouri Pac. R. Co.*, 16 F.3d 1083, 1090 (10th Cir. 1994) (quotation omitted).

### III.  ANALYSIS

Plaintiffs move to preclude Mr. Werber's opinions and report because he opines on the reasonableness of Defendant's actions in light of the insurance industry standards. Mr. Werber is an attorney who has focused his practice on "work with and for insurance companies" (ECF No. 60-1 at 1). In particular, Plaintiffs object to Mr. Werber's opinions regarding the reasonableness of Defendant's actions and whether or not Defendant complied with the industry standards. Specifically, Mr. Werber opines that:

> Mr. and Ms. Martinez allege that Nationwide unreasonably delayed or denied payment of benefits owed under their homeowners policy. I disagree with this allegation. In my opinion, based upon my review of the available materials, Nationwide acted reasonably and in accordance with industry standards throughout its handling of the Martinezes property damage claim. There was no unreasonable delay or denial of benefits owed, as Nationwide had a reasonable basis for its actions. Nationwide's handling of this claim complied with industry standards, applicable law, and the duty of good faith and fair dealing. It was the Martinez's conduct, in violating the terms of the policy, that led to Nationwide's reasonable and appropriate decision to deny coverage for the fire loss.

(*Id*. at 29). Mr. Werber also opines, among other things, that "[t]he Amended Complaint does not provide any basis by which the request for a follow-up examination could be deemed 'unreasonable,' and I could identify none" and that "[t]here was also a reasonable basis to assert that the insureds had failed to cooperate" (ECF No. 60-1 at 32, 37). The Court finds that Mr.

3

Werber may testify as to the insurance industry standards and whether Defendant's actions or inactions were consistent with industry standards. *See Stoker v. State Farm Mut. Auto. Ins. Co.*, No. 19-CV-03569-NYW, 2021 WL 4201583, at *6 (D. Colo. May 6, 2021).

The remainder of Mr. Werber's opinions, however, usurp the role of the fact finder. As the United States Supreme Court has noted, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 144 (1997). Thus, an expert's testimony is permissible under Rule 702 "if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function." *Specht v. Jensen*, 853 F.2d 805, 809–10 (10th Cir. 1988). Mr. Werber's remaining opinions usurp the role of the jury and will not be permitted. Accordingly, Mr. Werber may not opine on (1) whether Defendant's investigation was reasonable; (2) whether coverage was reasonably voided due to fraud; (3) whether Defendant's failure to cooperate was reasonable; and (4) whether Defendant acted reasonably and consistently with its duty of good faith and fair dealing throughout the claim (ECF No. 68 at 9-11).

## IV. CONCLUSION

Accordingly, Plaintiffs' motion to exclude is GRANTED IN PART and DENIED IN PART (ECF No. 60).

Dated this 21st day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge
