IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No.: 1:21-cv-02495-CNS-SKC

WILLIAM AND MARY MARTINEZ

    Plaintiffs,

v.

NATIONWIDE AFFINITY INSURANCE CO. OF AMERICA,
a foreign corporation

    Defendant.

---

**ORDER DENYING MOTION TO QUASH (DKT. 90) AND MOTION FOR LEAVE TO FILE SURREPLY (DKT. 112)**

---

Before the Court on referral is Plaintiffs' Motion to Quash Subpoenas to the Dolores State Bank of Montezuma County, Colorado and First Southwest Bank in Alamosa County, Colorado (Dkt. 90),[1] and Defendant's Motion for Leave to File Surreply (Dkt. 112). The Court has carefully considered the Motion to Quash, the Response (Dkt. 92) in opposition, and the Reply (Dkt. 95). The Court has also reviewed applicable case law and finds no hearing is necessary. For the reasons

---

[1] The Court uses "Dkt. ___" to refer to docket entries in CM/ECF.

1

shared below, the Motion to Quash is DENIED and the Surreply Motion is DENIED AS MOOT.

### A. Background

This is a first party bad faith lawsuit arising from a fire at Plaintiffs' residential property. Defendant Nationwide issued a policy of homeowners insurance ("Policy") to Plaintiffs William and Mary Martinez for their residence located in Cortez, Colorado. Plaintiffs reported a fire to their Property on June 3, 2020, the day before the Policy expired. At the time of the fire, Plaintiffs were allegedly remodeling the Property and were living with family members at a modular home next door.

Nationwide investigated Plaintiffs' claim and identified at least six prior fire losses to properties they owned or rented to others dating back to 1994. As part of that investigation, Nationwide obtained the contents list from a 2012 fire to a prior modular home of Plaintiffs—the contents list from the 2012 fire was substantially the same as the contents claimed to have been destroyed in the 2020 fire that is the subject of this lawsuit. Once Nationwide brought this list to Plaintiffs' attention, they admitted they copied portions of the 2012 contents list, and they later sought to "withdraw" that portion of the claim. Due to this and other information and documentation (or lack thereof), on August 27, 2021, Nationwide denied coverage under the Policy for three reasons:

> A. The insureds intentionally misrepresented material facts in the presentation of the claim;

> B. The insureds did not satisfy their burden of proving the personal property portion of the loss as claimed; and
>
> C. The insureds failed and refused to produce reasonably requested documents.

Dkt. 90-1 at p.9.

Plaintiffs then sued Nationwide bringing claims for breach of contract and statutory bad faith under Colo. Rev. Stat. §§ 10-3-1115, -1116. The breach of contract claim alleges Nationwide breached the Policy "by not paying for property loss and loss of contents, as required by the Policy." Dkt. 2 at ¶50.

### B. Analysis

Federal Rule of Civil Procedure 45(d)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter if no exception or waiver applies; or (iv) subjects a person to undue burden. Although Rule 45 does not specifically include relevance or overbreadth as bases to quash a subpoena, the scope of discovery under a subpoena is the same as the scope of discovery under Federal Rule of Civil Procedure 26(b). To that end, the scope of discovery in federal court under Rule 26(b) is broad; the Rule permits discovery of any nonprivileged matter that is relevant to any party's claim or defense, while the proportional needs of the case further tailor the scope of discovery. Fed. R. Civ. P. 26(b)(1).

Considering that Plaintiffs seek to quash subpoenas served on two non-party banks, in this district, a party has no standing to quash a subpoena served on a third party unless a claimed privilege or privacy interest is implicated. *See Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("[a]bsent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum"); *see also Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993); *Howard v. Segway, Inc.*, No. 11–CV–688–GFK–PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) ("Generally, absent a claim of privilege, personal interest or proprietary interest, a party lacks standing to quash a subpoena served on a third party.").

Plaintiffs claim their privacy interests are implicated by the subpoenas because they seek their private financial information. The Court agrees and finds Plaintiffs have standing to seek to quash the subpoenas on this basis. *See Srebnik v. Dean*, No. 05-CV-01086-WYD-MJW, 2007 WL 201254, at *1 (D. Colo. Jan. 24, 2007). When a privacy interest is involved, courts typically weigh one party's right to discovery against the other party's privacy interests. *See, e.g., Pappas v. Frank Azar & Assocs.*, P.C., No. 06-cv-01024-MSK-BNB, 2007 WL 1549037, at *4 (D. Colo. May 25, 2007) (suggesting the magistrate judge properly balanced defendant's privacy interests with plaintiff's need for the information); *Aguilar v. Aramark Corp.*, 1998 WL 36030448, at *1 (D.N.M. Aug. 6, 1998) ("While the federal rules provide for broad and liberal discovery, the Court is mindful of the need to balance one party's right of

discovery with the opposing party's right of privacy and right to be free from an intrusive and burdensome examination into private matters.").

As a threshold matter, the Court first considers whether the information sought by the subpoenas is relevant to the claims or defenses in this case. Nationwide argues these bank records are "directly relevant" to its denial of coverage and Plaintiffs' damages in this lawsuit. It claims the existence of these bank accounts and records are relevant to its denial of coverage because Plaintiffs failed to produce other documents, including bank records, after their examination under oath during claims handling. Dkt. 92 at p.2. Nationwide further argues, for example:

> The records sought by the subpoenas are precisely the records requested in the investigation undertaken by Nationwide, and the existence of responsive records could demonstrate that Plaintiffs: (1) withheld records they were obligated to provide to Nationwide, and (2) misrepresented material facts to Nationwide (namely, Plaintiffs represented they had only one account that existed in the 90 days prior to the claimed loss, where now it appears they had at least two). Nationwide has a right to obtain evidence concerning the basis for its denial that Plaintiffs failed to cooperate with their investigation and concealed the existence of critical bank accounts.

*Id.*

Finally, according to Nationwide, bank records Plaintiffs *did* disclose show they routinely withdrew large amounts of cash from ATMs operated by the two banks that are the subject of the subpoenas, and the bank records sought go directly to whether Plaintiffs' damage claim is consistent with the facts. Dkt. 92 at pp.8, 10. And while this Court previously addressed a similar issue with these parties in an earlier

discovery dispute (Dkt. 65), Nationwide argues this Court "did not address the question of whether proof of fraud, non-cooperation, and misrepresentation with respect to the 2020 fire claim was relevant to Plaintiffs' breach of contract claims. It obviously is." *Id.* at pp.9-10.

After carefully considering these arguments and Plaintiffs' contrary arguments, the Court finds the information sought by the subpoenas is not relevant to Plaintiffs' bad faith claim for the reasons stated in *Schultz v. GEICO Cas. Co.*, 429 P.3d 844, 846 (Colo. 2018) (holding the insurer's alleged bad faith conduct must be evaluated based on the evidence before it when it made its coverage decision and, therefore, the insurer may not create new evidence to try to support its earlier coverage decision). But the Court agrees with Nationwide that the information sought is relevant to the breach of contract claim and Nationwide's related defenses. *See Rowell v. Nw. Mut. Life Ins. Co.*, No. 21-CV-00098-PAB-NYW, 2021 WL 5072064, at *5 (D. Colo. Aug. 23, 2021) ("Unlike Mr. Rowell's second cause of action for bad faith breach of an insurance contract, the question of reasonableness is not an element of a breach of contract claim[.] Thus, as it and other courts have found before, an insurer's failure to seek certain information during the adjustment of a claim does not necessarily form a bar to further discovery once litigation commences for breach of contract.") (citing cases).

The Complaint alleges Nationwide breached the Policy by not paying for property loss and loss of contents as required by the contract. Dkt. 2 at ¶50.

6

Nationwide has asserted a number of affirmative or other defenses to the breach of contract claim, to include: "Plaintiffs' damages, if any, fall within the exceptions, exclusions, or limitations in the Policy, and recovery is barred by the plain language of the Policy[;]" "Plaintiffs' claims or damages, if any, are barred by plaintiffs' own conduct, or conduct imputed to it (sic), in violation of the implied covenant of good faith and fair dealing with Nationwide[;]" "Plaintiffs failed to satisfy necessary conditions precedent for entitlement to benefits under the Policy[;]" "Any material failure to cooperate by Plaintiffs and/or their agents is a breach of contract voiding entitlement to benefits[;]" "Any fraud or misrepresentation by Plaintiffs and/or their agent is a breach of the contract voiding entitlement to benefits under the law and/or the Policy[;]" and, "Plaintiffs' claims are barred by its (sic) knowing and false misrepresentations. Specifically, Plaintiffs submitted a false inventory in an attempt to obtain insurance benefits." Dkt. 18 at ¶¶2-3, 5-8. Additionally, for their breach of contract damages, Plaintiffs claim lost property with a total replacement value of over $278,000. Nationwide is pursuing a defense, supported by expert opinion, that "nothing in Plaintiffs' [disclosed] bank records indicates the financial ability to acquire these items in the time since Plaintiffs' total loss in 2012." Dkt. 92 at p.7.

Between Plaintiffs' claim that Nationwide breached the contract by not paying for property loss and lost contents, and Nationwide's defenses questioning the validity of Plaintiffs' claimed losses, conduct, and representations vis-à-vis the parties' respective contractual obligations, the bank records are directly relevant to

7

the breach of contract claim. *See, e.g., Rowell*, 2021 WL 5072064, at *5; *D'Antonio v. Am. Fam. Mut. Ins. Co., S.I.*, No. 21-CV-02363-PAB-NRN, 2022 WL 3681984, at *2 (D. Colo. Aug. 25, 2022) (explaining a breach of contract claim keeps the coverage issue alive) (citing cases).

On balance, the Court finds Nationwide's right to discover the relevant information sought by the subpoenas outweighs Plaintiff's privacy interests. First, Plaintiffs have already disclosed other income or financial statements, bank records, and their 2019 tax return to Nationwide, either in this litigation or during claims adjustment. Thus, requiring the subject banks to disclose these additional financial records is no more intrusive of Plaintiffs' privacy than what they have already disclosed in the same vein. Second, Plaintiffs have somewhat placed these accounts at issue by emphasizing to Nationwide that Plaintiffs deal largely in cash to explain why their reported income might not account for their purchase of the items at issue. Third, Nationwide has no other means of accessing this relevant information since Plaintiffs do not intend to produce it themselves. And fourth, any documents provided that are responsive to the subpoenas are ordered to be subject to the Protective Order in this case, thus further preserving Plaintiffs' privacy interests.[2]

---

[2] The Court is mindful that discovery from third parties must, under most circumstances, be closely regulated. *Echostar Commc'ns Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998). But, for the reasons stated, the Court finds these subpoenas do not exceed the bounds of relevant or proportional discovery even when considering the banks' non-party status. Moreover, to the extent Plaintiffs argue an undue burden is involved to respond to the subpoenas, even where a party has standing to quash a subpoena based on a privacy or personal interest, they lack

8

Finally, the information sought by the subpoenas fits the proportional needs of the case when considering, at a minimum, the importance of the issues at stake on the breach of contract claim, the amount in controversy, and the parties' relative access to these bank records. Fed. R. Civ. P. 26(b).

For these reasons, the Motion to Quash is DENIED, and Nationwide's Motion to File a Surreply is DENIED AS MOOT. It is FURTHER ORDERED that any documents produced in response to either or both subpoenas shall be marked "confidential" and they will be covered by the Protective Order (Dkt. 39).

DATED:  June 7, 2023

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

---

standing to object based on undue burden. *See Howard v. Segway, Inc.*, No. 11-CV-688-GKF-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) ("Even where a party has standing to quash a subpoena based on privilege or a personal right, it still lacks standing to object on the basis of undue burden."); *Malibu Media, LLC v. John Does 1–15*, No. 12–2077, 2012 WL 3089383, at *8 (E.D. Pa. July 30, 2012) ("Defendant is not faced with an undue burden because the subpoena is directed at the internet service provider and not the Defendant.").